# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL MARTINEZ

    Petitioner

v.

BRIAN WILLIAMS, et al.,

    Respondents

3:14-cv-00282-HDM-WGC

**ORDER**

Petitioner Michael Martinez, a prisoner in the custody of the State of Nevada, brings this habeas action under 28 U.S.C. § 2254 to challenge his 2012 Nevada state sentence for voluntary manslaughter with the use of a deadly weapon. After evaluating his claims on the merits, this Court denies Martinez's petition for a writ of habeas corpus, dismisses this action with prejudice, and denies a certificate of appealability.

**I. BACKGROUND**

In accordance with a plea agreement, Michael Martinez pled guilty to voluntary manslaughter with the use of a weapon. (Exhibit 56 at 1).[1] The trial court sentenced him to two consecutive terms of imprisonment of 48 to 120 months, in addition to some monetary payments. (Exhibit 69).

Martinez appealed, and the Nevada Supreme Court affirmed on May 15, 2013. (Exhibit 88). He filed a habeas petition in state court on July 26, 2013, and the state district court denied the petition. (Exhibits 91, 97). He appealed, and the Nevada Supreme Court affirmed on April 10,

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 20–24 (Exhibits 1–109). All page citations are to the page numbers of the documents themselves, rather than the ECF-generated page numbers.

1

2014. (Exhibit 107).

Martinez filed a petition for a writ of habeas corpus in federal court on November 13, 2014. (ECF No. 10). The State filed an Answer. (ECF No. 19). Martinez did not file a Reply.

## II. FEDERAL HABEAS REVIEW STANDARDS

When a state court has adjudicated a claim on the merits, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating the state court ruling that is "difficult to meet" and "which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170 (2011). Under this highly deferential standard of review, a federal court may not grant habeas relief merely because it might conclude that the state court decision was incorrect. *Id.* at 202. Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *Id.* at 181–88. The petitioner bears the burden of proof. *Id.* at 181.

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003). A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* The Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* And "a federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Id.* at 16. A decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the

2

facts of the case was not only incorrect but "objectively unreasonable." *See, e.g.*, *id.* at 18; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). When a state court's factual findings based on the record before it are challenged, the "unreasonable determination of fact" clause of 28 U.S.C. § 2254(d)(2) controls, which requires federal courts to be "particularly deferential" to state court factual determinations. *See, e.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This standard is not satisfied by a mere showing that the state court finding was "clearly erroneous." *Id.* at 973. Rather, AEDPA requires substantially more deference:

> [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court's factual findings are presumed to be correct and the petitioner must rebut that presumption by "clear and convincing evidence." In this inquiry, federal courts may not look to any factual basis not developed before the state court unless the petitioner both shows that the claim relies on either (a) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (b) "a factual predicate that could not have been previously discovered through the exercise of due diligence" and shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

When a state court summarily rejects a claim, it is the petitioner's burden to show that "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

**III. ANALYSIS**

    **A.    Ground 1**

In Ground 1, Martinez argues that he was denied his rights to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments because counsel "failed to

object to a mandatory 'deadly weapon sentencing enhancement,' which denied Mr. Martinez of his right to individualized sentencing [as] [n]o reason for the enhancement were [sic] provided." (ECF No. 10 at 3). The Nevada Supreme Court rejected this claim because Martinez "pleaded guilty to voluntary manslaughter with use of a deadly weapon and he failed to provide any argument as to how trial counsel could have fought the enhancement." (Exhibit 107 at 2).

To succeed on an ineffective assistance of counsel claim, a defendant must show that counsel's representation fell below an objective standard of reasonableness and a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Courts evaluate a counsel's performance from counsel's perspective at the time and begin with a strong presumption that counsel's conduct well within the wide range of reasonable conduct. *See, e.g.*, *Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004). When a state court has reviewed a *Strickland* claim, a federal court's habeas review is "doubly deferential"—the reviewing court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d). *Pinholster*, 563 U.S. at 190, 202. When ineffective assistance of counsel is alleged with regards to sentencing, prejudice includes a reasonable probability of a additional jail time. *See, e.g.*, *Lafler v. Cooper*, 566 U.S. 156, 165 (2012).

Martinez pled guilty to "voluntary manslaughter with use of a deadly weapon." (Exhibit 56 at 1 (citing Nev. Rev. Stat. §§ 200.040; 200.050; 200.080); *see also* Exhibit 58 at 2–3). He recognized that, by pleading guilty to this charge, he had to be sentenced to imprisonment for a minimum of one year and a maximum for ten years "plus a consecutive" term with the same limitations "for the use of the deadly weapon enhancement." (Exhibit 56 at 2; *see also* Exhibit 58 at 5). Nevada state law requires that "[a]ny person who uses a . . . deadly weapon . . . in the commission of a crime shall, in addition to the term of imprisonment prescribed by statute for the crime, be punished by imprisonment in the state prior for a minimum term of not less than 1 year and a maximum term of not more than 20 years," although the sentence for the enhancement "[m]ust not exceed the sentence imposed for the crime." Nev. Rev. Stat. § 193.165(1), (2).

4

Because the application of the enhancement is mandatory, Martinez fails to establish a reasonable probability that if his counsel had objected at sentencing, that the outcome of the proceeding would have been any different.

Ground 1 provides no basis for habeas relief.

**B.     Ground 2**

In Ground 2, Martinez argues that he was denied his right to effective assistance of counsel and due process under the Fifth, Sixth, and Fourteenth Amendments because the state trial court "abused its discretion by sentencing Mr. Martinez to a maximum sentence for voluntary manslaughter with use of a weapon, without considering the factors enumerated in [Nevada Revised Statute §] 193.165(1)."  (ECF No. 10 at 5).

Nevada state law requires that, when imposing the enhancement for the use of a deadly weapon, the sentencing court "shall consider," and "state on the record that it has considered," five categories of information: (a) the facts and circumstances of the crime; (b) the criminal history of the person; (c) the impact of the crime on any victim; (d) any mitigating factors presented by the defendant; and (e) any other relevant information.  Nev. Rev. Stat. § 193.165(1).  The state trial court did not do so during sentencing and thus procedurally erred.  (*See* Exhibit 66 at 1–24).  However, a state procedural error does not warrant federal habeas relief barring infringement of a constitutional right; nor does a claim that a state trial court abused its discretion in imposing a sentence.  *See, e.g.*, *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) ("[C]ourt's alleged failure to list reasons for imposing consecutive sentences[] can[not] form the basis for federal habeas relief."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (holding that "matter[s] of state criminal procedure" are "not within the purview of federal habeas corpus").

Martinez claims two types of constitutional error: ineffective assistance of counsel and a due process violation.

**1.     Ineffective assistance of counsel**

The Nevada Supreme Court rejected Martinez's claim that he received ineffective assistance of counsel when counsel failed to object to the state court not noting that it considered the five

categories of information because Martinez failed to demonstrate either deficiency or prejudice. (Exhibit 107 at 2).

Before the state trial court were the following: pre-sentence investigation report and recommendation (*see* Exhibit 66 at 2, 9–10, 14, 16, 21); letters from family members of the victim and defendant (*see id.* at 2, 19, 13, 17–19); comments from Martinez himself (*see id.* at 8–9); and argument from both the State and Martinez's counsel. After Martinez filed a sentencing memorandum, the State started off the hearing by discussing the facts of the victim's death and how Martinez interacted with police thereafter. (*See id.* at 2–8). Martinez's counsel responded with its own presentation of the facts of the crime. (*See id.* at 9–16). Upon the victim's family testifying, the trial court expressed its condolences. (*See id.* at 18, 19). When the mother of the victim testified, the trial court said that it had "read [her] letter several times." (*Id.* at 19). Before sentencing, the state trial court noted that "nobody in this room will ever know truly what happened that evening except for Mr. Martinez" and that "even if you believe Mr. Martinez's statement of how this transpired it doesn't sound like any sort of self-defense case I've ever heard of." (*Id.* at 20). The court also noted that, having "read[] the PSI," or pre-sentencing report, the court thought that "Mr. Martinez didn't have a criminal history." (*Id.* at 21). It then sentenced Martinez to the maximum sentence for both offenses. (*See id.* at 22). From this record, it is clear that the state trial court did consider, or at least know about, all five types of evidence—and explicitly stated as much for (b) and (c), while implying it for (a).

The most fair reading of the record is that the state trial court *did* consider all five types of evidence. Therefore, ensuring that the trial court explicitly state as much would not have changed the outcome of the proceeding in any way. Given this backdrop, Martinez fails to meet his burden of demonstrating prejudice from his counsel's failure to object to the state court not saying that it was considering the five types of information. In fact, Martinez points to nothing in particular that would have resulted in a less-severe sentence, which, in and of itself, would be fatal to his claim. *See, e.g.*, *Hendricks v. Calderon*, 70 F.3d 1032, 1042 (9th Cir. 1995).

Ground 2-1 provides not basis for habeas relief.

6

### 2. Due process violation

Martinez's other claim is that his due process rights were violated because the state trial court did not state that it considered the five categories of information. However, as made evident by the existence of Ground 2-1, trial counsel did not raise this claim before the district court. Therefore, this claim is subject to plain error review. *See United States v. Lindsey*, 634 F.3d 541, 554–55 (9th Cir. 2011); *accord Lamb v. State*, 251 P.3d 700, 703 (Nev. 2011). To reverse under plain error, there must be "(1) an error (2) that is plain and (3) that affects substantial rights." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1146 (9th Cir. 2012); *accord Green v. State*, 80 P.3d 93, 95 (Nev. 2003). Moreover, even if these requirements are met, courts should exercise their discretion to "only if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Del Toro-Barboza*, 673 F.3d at 1146 (citation omitted); *see Green*, 80 P.3d at 95 ("[T]his court has discretion . . . .").

While there surely was an error that was plain as to state criminal procedure, the error must have been plain as to the Fourteenth Amendment's Due Process Clause. Martinez has not shown any of his alleged constitutional errors to be errors at all, let alone plain ones. Federal due process rights are not violated simply because a state trial court failed to follow the proper procedure. *See Engle v. Issac*, 456 U.S. 107, 119 (1982); *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). And while the Due Process Clause protects against the deprivation of liberty interests, the statutory requirement does not create a liberty interest under the Fourteenth Amendment because the fact that the state court must "state on the record" that it considered these five categories of information does not place "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *see also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) (requiring that, for a procedural state law to create a liberty interest, the state law contain "specific directives to the decision-maker that if the regulations' substantive predicates are present, a particular outcome must follow").

The only other potential liberty interest at issue is Martinez's general liberty not to be imprisoned. He has failed to show that the Fourteenth Amendment requires that a sentencing judge state these five categories of information on the record for a sentence. Instead, "the record shows

that he has had a full and fair opportunity to have his case heard." *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). The Due Process Clause requires only "fair procedures for [rights'] vindiction." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Martinez has failed to demonstrate that he was deprived of "fair procedures" or a "full and fair opportunity to have his case heard" simply because the state trial court did not note, on the record, that it was considering the topics discussed and evidence introduced by Martinez, the State, and other interested parties at the sentencing hearing when determining the sentence at the sentencing hearing.

Ground 2-2 provides no basis for habeas relief.[2]

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that **Martinez**'s **petition for a writ of habeas corpus is DENIED** on the merits, and this action is **DISMISSED with prejudice**.

Because reasonable jurists would not find this decision to be debatable or incorrect, IT IS FURTHER ORDERED that a **certificate of appealability is DENIED**. The Clerk of Court is directed to **enter judgment, in favor of respondents and against Martinez, dismissing this action with prejudice**.

DATED August 21, 2017.

_____
Howard D. McKibben
Senior United States District Judge

---

[2] Even if Martinez's federal petition stated a claim that his sentence violated the Eighth Amendment, it would fail. "[O]nly extreme sentences that are 'grossly disproportionate' to the crime" violate the Eighth Amendment. *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (citation omitted). This sentence of between 8 and 20 years is not "grossly disproportionate" to the crime of voluntary manslaughter with the use of a deadly weapon—especially given the facts of the crime and how Martinez lied to the police and used others to lie to the police in attempt to shift blame from himself and implicate others who were not responsible for the crime. Moreover, because the Nevada Supreme Court denied this claim on the merits, relief is available only if its decision was contrary to or an unreasonable application of clearly established U.S. Supreme Court case law. *See Ramirez v. Castro*, 655 F.3d 755, 773 (9th Cir. 2004). The "precise contours" of the gross disproportionality principle are "unclear" and warrant federal habeas relief only in "exceedingly rare cases." *Lockyer v. Andrade*, 538 U.S. 63, 72–23 (2003). This is not one of those cases, especially not on plain error review.

8